**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NABIL DAWOD HANNALLA; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70306 <br><br> Agency Nos. A095-291-683 <br> A095-291-684 <br> A095-291-685 <br> A095-291-686 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Nabil Dawod Hannalla and his family, natives and citizens of Egypt, petition

for review of the Board of Immigration Appeals' ("BIA") order denying their

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. §

1252. We review for abuse of discretion the denial of a motion to reopen.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003). We grant the petition for review, and remand for further proceedings.

The BIA abused its discretion by failing adequately to consider petitioners' motion to reopen based on changed country conditions. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) ("BIA abuses its discretion when it fails to consider and address in its entirety the evidence submitted by a petitioner" (internal quotation marks and citation omitted)). Petitioners submitted country conditions documents describing escalating violence against Coptic Christians in Egypt. In its decision, the BIA did not sufficiently address this evidence in light of the outstanding arrest warrant against Hannalla in Egypt. *See Malty v. Ashcroft*, 381 F.3d 942, 946 (9th Cir. 2004). We note, given the passage of time, that petitioners are not precluded from updating the contents of their motion to reopen to reflect current conditions in Egypt. *See id.* at 946 ("changed country conditions are specifically excepted from the numerical limitations on motions"). We therefore remand for the BIA to reconsider petitioners' changed country conditions claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**